UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT



U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 NOV 12 PM 3: 55

CLERK

BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA )
)
v. )   Criminal No.
)
SANJAY GUPTA, )   1: 15-cr - 158
Defendant. )

## INDICTMENT

### Count One

The Grand Jury charges that:

**The H1B Immigration Process**

1.      At all times relevant to this Indictment:

        a.      Under United States laws and regulations, non-citizens of the United States (hereinafter referred to as aliens) are not permitted to work in the United States unless they obtain employment authorization from the United States Government.

        b.      H1B non-immigrants are temporary guest workers in specialty occupations. To secure a H1B visa, a United States employer must file a Form I-129, "Petition for a Non-immigrant Worker" (hereinafter referred to as an I-129 petition) and supporting documents with the United States Citizenship and Immigration Services (USCIS). The I-129 petition identifies a number of specific items pertaining to the H1B alien's employment. Pursuant to federal law, a H1B non-immigrant "may be employed only by the petitioner through whom the status was obtained."

        c.      In an I-129 petition to USCIS, the employer identifies the alien to be employed, provides evidence of the alien's qualifications for employment, provides information about the alien's proposed employment (including job title, work location,

1

and compensation), and provides information about the petitioning company (including the type of business, the number of employees, and the company's income). Supporting documents and the appropriate filing fees must be submitted by the employer with the I-129 petition to USCIS. One USCIS facility that processes I-129 petitions is located in St. Albans, Vermont

d.    By signing the I-129 petition, the employer certifies, under the penalty of perjury, that the petition and supporting documents are true and correct. The I-129 petition and supporting documents are reviewed by USCIS, and the petition is approved, denied, or a request is made for additional evidence.

e.    After the I-129 petition is approved by USCIS, an alien beneficiary located outside the United States can apply for a H1B visa at a U.S. Consulate via the DOS. An alien beneficiary already located inside the United States will receive an approval notice that USCIS has approved the alien's petition. A H1B visa is normally valid for three years and can be renewed thereafter. A H1B non-immigrant may be accompanied in the United States by eligible family members, who are normally granted H-4 non-immigrant status.

f.    For a foreign worker entering the United States from abroad, the employer must start paying the foreign worker once he or she enters into employment, or within 30 days of admission to the United States, whichever is sooner. For a foreign worker already in the United States, the employer must begin paying the foreign worker at the start of employment or within 60 days of approval of the H1B Visa petition, whichever is sooner. If the foreign worker is dismissed before the H1B Visa expires, the employer

2

must send notice to USCIS and pay for the foreign worker to return to his or her native country.

## The Parties and Entities

2.    Doon Technologies, Incorporated is an information technology company located at 200 Middlesex Essex Turnpike, Iselin Suite 309, New Jersey.

3.    From approximately 2006 until at least 2012, SANJAY GUPTA submitted documents to USCIS on behalf of Doon Technologies, using the title of Vice President.

## Submissions by GUPTA to USCIS

4.    On or about May 12, 2011, SANJAY GUPTA submitted a form I-129 and material supporting documents to the United States Citizenship and Immigration Services to obtain a H1B visa for B.S, which was received at the USCIS facility in St. Albans, Vermont on or about May 16, 2011. GUPTA stated on the form I-129 application that B.S. would be employed in a full-time position at Doon Technologies, and that B.S. would be paid an annual wage of $55,000. In fact, GUPTA had no intention of employing B.S. as required under the H1B visa program, and GUPTA had no intention of paying B.S. the annual wage of $55,000.

5.    In support of the I-129 application for B.S., SANJAY GUPTA also submitted a document that purported to be a contract dated June 20, 2008 between Doon Technologies and US Nets, requiring Doon Technologies to provide US Nets with contract information technology services. The document bore a signature of M.D. as the representative for US Nets. In addition, GUPTA submitted a letter dated May 2, 2011 purported to be signed by M.D. as a representative of US Nets, and agreeing to the hiring of B.S. under the purported contract. In fact, as of 2006, M.D. had ceased to be employed by US Nets. GUPTA knew that the purported contract between

Doon Technologies and US Nets was fraudulent, and that the letter from US Nets was also fraudulent.

6.      On or about May 12, 2011, in the district of Vermont and elsewhere, the defendant, SANJAY GUPTA, knowingly made under oath, and under penalty of perjury under Title 28, United States Code, Section 1746; knowingly subscribed as true, false statements with respect to material fact in applications, affidavits, and other documents required by the immigration laws and regulations prescribed thereunder, that is, a form I-129 and material supporting documents submitted to the United States Citizenship and Immigration Services to obtain a H1B visa for B.S.; and knowingly presented such applications, affidavits, and other documents containing false statements, which statements the defendant then and there knew were false.

(18 U.S.C. § 1546(a))

Count Two

The Grand Jury further charges:

7.      Paragraphs 1 through 8 of this Indictment are incorporated by reference as if fully
set forth here on or about September 6, 2011, SANJAY GUPTA submitted a form I-129 and
material supporting documents to the United States Citizenship and Immigration Services to
obtain a H1B visa for H.S, which was received at the USCIS facility in St. Albans, Vermont on
or about September 7, 2011.  GUPTA stated on the form I-129 application that H.S. would be
employed in a full-time position at Doon Technologies, and that H.S. would be paid an annual
wage of $55,000.  In fact, GUPTA had no intention of employing H.S. as required under the
H1B visa program, and GUPTA had no intention of paying H.S. the annual wage of $55,000.

8.      In support of the I-129 application for B.S., SANJAY GUPTA also submitted a
document that purported to be a contract dated June 20, 2008 between Doon Technologies and
US Nets, requiring Doon Technologies to provide US Nets with contract information technology
services.  The document bore a signature of M.D. as the representative for US Nets.  In addition,
GUPTA submitted a letter dated August 15, 2011 purported to be signed by M.D. as a
representative of US Nets, and agreeing to the hiring of H.S. under the purported contract.  In
fact, as of 2006, M.D. had ceased to be employed by US Nets.  GUPTA knew that the purported
contract between Doon Technologies and US Nets was fraudulent, and that the letter from US
Nets was also fraudulent.

9.      On or about September 6, 2011, in the district of Vermont and elsewhere, the
defendant, SANJAY GUPTA, knowingly made under oath, and under penalty of perjury under
Title 28, United States Code, Section 1746; knowingly subscribed as true, false statements with
respect to a material fact in applications, affidavits, and other documents required by the

5

immigration laws and regulations prescribed thereunder, that is, a form I-129 and material

supporting documents submitted to the United States Citizenship and Immigration Services to

obtain a H1B visa for H.S.; and knowingly presented such applications, affidavits, and other

documents containing false statements, which statements the defendant then and there knew

were false.

(18 U.S.C. § 1546(a))

A TRUE BILL

FOREPERSON

Eric S. Miller (JO)
United States Attorney
Burlington, Vermont
November 12, 2015

6